# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

DONALD L. REID,

    Claimant,

v.                                             CASE NO. 4:07-CV-29 CDL
                                               Social Security Appeal

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Respondent.

## **REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and he seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## **LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420,

28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 et seq.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner determines if a claimant is disabled by a five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I. **Whether the ALJ erred in evaluating the opinion of Claimant's treating psychiatrist?**

II. **Whether the ALJ erred in failing to consider the side effects of Claimant's medications?**

III. **Whether the ALJ erred in failing to properly consider all of Claimant's impairments in combination?**

## Administrative Proceedings

Claimant filed an application for disability benefits on October 17, 2002. (T-17). Claimant's application was denied initially and on reconsideration. *Id.* Claimant then filed a request for a hearing, which was held on October 3, 2005. *Id.* Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated January 3, 2006. (T-17-27). Claimant then requested a review of the ALJ's findings by the Appeals Council. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.

## Statement of Facts and Evidence

Claimant alleges that he is disabled due to an injury to his back and nerve damage in his left leg and hip. (T-80). After examining the medical records, the ALJ determined that Claimant had a small recurrent disc herniation at L5-S1 with lumbar discogenic syndrome; nicotine abuse; borderline intellectual functioning; and depression, impairments that are severe within the meaning of the Regulations but not severe enough to meet, or medically equal, one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (T-21). The ALJ then found that Claimant had the residual functional capacity to lift and carry 20 pounds occasionally, lesser amounts more often; engage in work that affords a sit/stand option or ability to change position; involves performing no more than simple, routine, repetitive work, working with more things than people and work that includes no more than moderate stress. (T-23).

## DISCUSSION

**I.  Did the ALJ err in evaluating the opinion of Claimant's treating psychiatrist?**

In his Brief, Claimant first argues that the ALJ failed to properly evaluate the opinions of his treating psychiatrist, Dr. Perez. (R-10, p. 3). Specifically, Claimant contends that the ALJ erred in giving Dr. Perez's opinions less weight than the consultative examiner, thereby improperly determining his residual functional capacity.

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991). *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

To give a medical opinion controlling weight the ALJ "must find that the treating sources's opinion is 'well supported' by 'medically acceptable' clinical and diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." S.S.R. 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with the other "substantial evidence" of record. *Id*.

The ALJ must weigh conflicting medical evidence and decide which opinions are

5

entitled to the greatest weight. Social Security regulations confirm that the ALJ has discretion to weigh conflicting medical opinions. *See* 20 C.F.R. §§ 404.1527, 416.927. The law of this circuit is clear that the testimony of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error. "Good cause" is found to exist when the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (omitting internal citations).

This court finds that the ALJ clearly articulated his reasons for giving less weight to the opinion of Dr. Perez and that his reasons constitute good cause. The ALJ based the decision on the evidence of record, including Claimant's treating sources, medical records in evidence, the assessments and evaluations of state agency consultants, as well as the claims of pain and limitations as subjectively alleged by the Claimant which, based on the medical evidence, the ALJ found only partially credible. (T-22-24). Upon review of the entire record, the Commissioner appears to have committed no error in applying the proper legal standard in discounting the opinion of Dr. Perez, and substantial evidence supports his decision.

**II.     Did the ALJ err in failing to evaluate the side effects of Claimant's medications?**

Claimant also contends that the ALJ failed to properly evaluate the side effects of his medications. (R-10, p.5). Specifically, the Claimant contends that the ALJ was required to make a finding as to the effects of Vistatril, which caused sedation, and thereby affected his

ability to work. Claimant argues that the ALJ's failure to do so constitutes reversible error. *Id.*

The Court first finds that the evidence of record fails to show that the Claimant consistently complained of side effects from his medications. The record reveals that Dr. Perez noted on a questionnaire that Claimant took a medication which could affect his ability to work but fails to show that Claimant actually complained of drowsiness or sedation. (T-267). The Regulations state that the burden is on the claimant to prove the severity of his impairments. 20 C.F.R. §§ 404.1512(a)(c); 416.912(a) and (c). It is up to the Claimant to ensure that the Commissioner gets enough information to make a qualified decision in his case. Where the Claimant fails to establish that he suffers from marked side effects of his medications, the ALJ is under no duty to question Claimant about said possible side effects as Claimant alleges. As such, no error is found in the ALJ's failure to evaluate the side effects of Claimant's medications.

**III. Did the ALJ err in failing to properly consider Claimant's combination of impairments?**

Lastly, claimant contends that the ALJ erred in failing to properly evaluate all of his impairments in combination. (R-10, p. 6). Claimant argues that the ALJ has a duty to "make specific and well-articulated findings as to the effects of the combination of impairments and to decide whether the combined impairments cause the Claimant to be disabled" pursuant to *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).

As is required by 20 C.F.R. §§ 404.1523 and 416.923, the ALJ, after determining that

7

Claimant had impairments which were severe, took into account each of his medically determinable impairments in finding that he could still perform some work. After thoroughly examining the record, it appears that the ALJ spent most of his opinion discussing the Claimant's impairments and their effects on him. Thus, his contention that the ALJ failed to "make specific and well articulated findings concerning his impairments" lacks merit and the ALJ's decision is supported by substantial evidence.

## CONCLUSION

In reviewing the record, no evidence of error is found to substantiate the Plaintiff's contention that the ALJ failed to properly evaluate the evidence of record. This Court finds that the decision of the ALJ is supported by substantial evidence. Furthermore, the record fails to reveal evidence of the ALJ acting outside of his judicial role in making the required determinations.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 30th day of October, 2007.

eSw

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE